(No. 15963.—Judgment reversed.)

THE ATLAS BREWING COMPANY, Plaintiff in Error, vs. THE INDUSTRIAL COMMISSION et al.—(MARY ADAMEK, Defendant in Error.)

*Opinion filed October 28, 1924—Rehearing denied Dec. 4, 1924.*

1. EVIDENCE—*there is a disputable presumption of fact against suicide as a cause of death.* There is a presumption that all men are sane and possessed of the love of life, are animated by instincts of self-preservation and the natural desire to avoid personal injuries and death; and this presumption, in the absence of countervailing proof, may be sufficient, within itself, to establish *prima facie* that death occurred otherwise than by suicide.

2. WORKMEN'S COMPENSATION—*the presumption against suicide does not relieve claimant of burden of proving death arose out of employment.* Where it is not known how an employee came to his death in the course of his employment, the presumption against suicide as a cause of death does not relieve the claimant of the burden of affirmatively showing that the death arose out of the employment nor cast the burden on the employer to prove suicide.

3. SAME—*rules of evidence are same as in common law actions.* In proceedings under the Compensation act the rules respecting the admission of evidence and the burden of proof are the same as prevail in common law actions for personal injuries.

4. SAME—*liability under Compensation act must be established by preponderance of evidence.* Liability under the Compensation act cannot rest upon guess, speculation or conjecture, upon a choice between two views equally compatible with the evidence, but must be based upon facts established by a preponderance of the evidence.

5. SAME—*when death cannot be held to have arisen out of employment.* The death of a night watchman, who was found hanging by lines of harness in a barn on the place of his employment, can not be said to have arisen out of his employment where there is no reason to presume that he was cleaning the harness or otherwise engaged in work connected with it at the time of his death and there are no marks of violence or indications that he had been robbed or mistreated.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. HARRY M. FISHER, Judge, presiding.

BARTHELL, FITTS & RUNDALL, for plaintiff in error.

C. HELMER JOHNSON, and URBAN P. GALLAGHER, for defendant in error.

Mr. JUSTICE HEARD delivered the opinion of the court:

Mary Adamek, widow of Rudolph Adamek, deceased, filed an application for compensation under the Workmen's Compensation act on account of the death of her husband, which she alleged was caused by an accident arising out of and in the course of his employment by plaintiff in error. A hearing was had before an arbitrator of the Industrial Commission, which resulted in a finding that the death of Adamek was not the result of an accidental injury which arose out of and in the course of the employment. A petition for a review of this finding was filed before the Industrial Commission and a hearing was had, at which additional evidence was introduced. This hearing resulted in the affirmance of the findings of the arbitrator. A writ of *certiorari* was sued out of the circuit court of Cook county to review the finding of the Industrial Commission. The circuit court set aside the decision of the Industrial Commission, found that deceased sustained accidental injuries which arose out of and in the course of his employment, and made an award of $13.75 a week for a period of 290 weeks and $12.50 for one fraction of a week. A writ of error was allowed from this court and the record is now here for review.

Deceased lived at 1124 South Lincoln street, Chicago, with his wife and three children. He had been employed by the Atlas Brewing Company for about thirty years, and for more than a year prior to his death had been earning $25 per week. His hours of work were between 6:00 o'clock in the evening and 5:30 the following morning. His duties consisted in acting as a watchman in the barn of the brewing company, which was located across the alley from the main plant. He was required to pull two American District Telegraph boxes each hour. One of the boxes was located in the hayloft, on the second floor, and the

other on the first floor of the barn. In addition to his duties as a watchman, when occasion required he cleaned the harness, curried about ten horses and cleaned the stable before leaving in the morning. On the evening of April 6, 1922, he reported for work as usual. At midnight he went to the office, as was his custom, and between the hours of twelve and one ate his lunch with John Spevacek, the other night watchman at the brewery. Adamek did not talk much that night nor was he accustomed to talk much. At one o'clock he left the office to pull the boxes in the barn, returning to the office, where he fell asleep. At a quarter of two, Spevacek awakened him and told him to pull the two o'clock box, which he did, but failed to return to the office. Shortly after three o'clock on the morning of April 7, 1922, Joseph Rout, a policeman of the American District Telegraph Company, was advised by his office that Adamek had failed to pull his boxes at three o'clock and was directed to investigate and report. Rout went to the brewery, advising Spevacek of his mission. He found Adamek's dead body hanging in the barn. He immediately summoned police officers, who, with Rout and Spevacek, took down the body. The body was still warm, and it was evident that death was caused by strangulation.

It is admitted that deceased came to his death in the course of his employment, and the only question involved in this case is whether or not his death arose out of his employment.

Three theories have been advanced in the argument as to the cause of the death: First, that Adamek, in attempting to take down a harness hanging on the wall, for the purpose of cleaning it, slipped and in his fall became entangled in one of the lines, which caused his strangulation; second, that the door of the barn being open some other person entered and for some purpose unknown bound Adamek in such a way that he became strangled; and third, that he committed suicide.

An iron beam or rafter ran across the barn, and near this was an upright post, upon which hung a bridle. One of the lines attached to the bridle had been passed around the iron beam two or three times. The line came down from the beam to the right side of Adamek's neck, passed around his neck to the down strap, passed around it, forming a loop, then down over the front of his left shoulder and breast, passed between his legs, up his back, over the right shoulder, and the end hung loose over his right shoulder when he was found. His feet were partly on the floor, his body leaning slightly forward but held in an upright position by the strap over the beam. There was no evidence that he was accustomed to clean the harness at this time of the night, and the evidence shows that there was no cloth, grease, rags or other cleaning material near the place where he was hanging. The manner in which the line was passed around the beam and the manner in which it was adjusted about his body is conclusive evidence that he did not come to his death in accordance with the first theory and it may be dismissed from further consideration.

The evidence in the case shows that deceased had been in good health; that he was employed by the Atlas Brewing Company for about thirty years and that his position was assured to him in the future; that he was of a pleasant disposition and not a drinking man; that he had not been sick in many years; that he had not been complaining of any ailment except an injury to his leg, received some time previously; that he had no financial worries; that he had lived in the house which he owned for many years, and that he did not have any unhappiness in his family life. It is contended by defendant in error that under these circumstances the presumption of law is against suicide and that the death was caused by accident, and that the burden rested upon plaintiff in error to establish suicide to exclude the presumption of death by accident. There is a presumption that all men are sane and possessed of the love of life,

are animated by the instincts of self-preservation and the natural desire to avoid personal injuries and death, and this presumption, in the absence of countervailing proof, may be sufficient, within itself, to establish *prima facie* that death occurred otherwise than by suicide. This presumption is not a presumption of law but one of disputable fact, and it does not relieve defendant in error in this case from the burden of affirmatively showing by evidence that the death of Adamek arose out of his employment and was not suicide. In this case the burden does not rest on plaintiff in error to prove suicide, as it would in the cases cited by defendant in error, which were merely cases where the defense of suicide had been set up by insurance companies in actions upon life insurance policies. In the present case, while there is some evidence that some weeks previous to Adamek's death strangers had come upon the premises and asked him for beer, and there had been some trouble between some of these strangers and Adamek on account of his refusing them beer and ordering them out of the barn, there is no evidence that on the night of his death any such strangers were in or about the barn. When Adamek's body was found his clothing was in the same condition as when last seen. His cap was on his head. On his person was a gold watch and chain, a knife and $22.21 in cash. There were no bruises, cuts, blood or other marks of violence upon his person, and there was nothing to indicate that he had been beaten, struck or had been in a fight, nor was there any evidence whatsoever of violence in the immediate vicinity of his body. There was no evidence of any attempt at robbery or any other motive on the part of any person to cause his death. It is highly improbable that any person other than himself could have adjusted the line about his body without disarranging his clothing or leaving some evidence of violence.

This court has repeatedly held that in proceedings under the Workmen's Compensation act the rules respecting

the admission of evidence and the burden of proof are the same as prevail in common law actions for personal injuries. Liability under said act cannot rest upon guess, speculation or conjecture,—upon a choice between two views equally compatible with the evidence,—but must be based upon facts established by a preponderance of the evidence. (*Peterson & Co.* v. *Industrial Board,* 281 Ill. 326; *Wisconsin Steel Co.* v. *Industrial Com.* 288 id. 206.) In the present case the evidence falls far short of proof, by a preponderance of the evidence, that Adamek's death arose out of his employment.

The judgment of the circuit court is therefore reversed.

*Judgment reversed.*