Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of ANNIE KLEIN, Mother, HERMAN KLEIN, Father, and RUTH KLEIN, Sister, Respondents, for Compensation under the Workmen's Compensation Law, for the Death of GUSTAVE KLEIN, v. THE BROOKLYN HEIGHTS RAILROAD COMPANY, Employer and Self-Insurer, Appellant.

Third Department, June 30, 1919.

**Workmen's Compensation Law — when father not dependent upon son — evidence.**

Where upon a claim for an award by the father, mother and infant sister of a deceased employee, it appeared that for the support of a family of five, consisting of the claimants, the deceased and another brother, there was a common fund of thirty dollars to which the deceased and the father each contributed twelve dollars and the brother six dollars, and there was no proof that the father expended more than the twelve dollars, he cannot be held to have been dependent upon his son, and, hence, he is not entitled to an award.

JOHN M. KELLOGG, P. J., dissented.

APPEAL by the defendant, The Brooklyn Heights Railroad Company, from a decision and award of the State Industrial Commission, entered in the office of said Commission on the 30th day of December, 1918.

*George D. Yeomans* [*Trabue Carswell* of counsel], for the appellant.

*Charles D. Newton, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

H. T. KELLOGG, J.:

This is an appeal from an award to the father, mother and infant sister of a deceased employee. The award to the father is disputed on the ground that he was not a dependent. The deceased earned eighteen dollars a week, reserved for spending money four or five dollars, gave his infant sister two or three dollars, and paid the balance of about twelve dollars to his mother, who bought his clothes and used the remainder for general family purposes. The father earned twelve dollars a week, which he paid to the mother, while a brother, who earned eight dollars a week, paid her six dollars for the family fund. The mother and sister were not wage-earners. There were two other members of the family, but they need not be considered, for they were self-supporting, and did not contribute to the family maintenance. For the support of a family of five, therefore, there was a common fund of thirty dollars, to which the deceased contributed twelve dollars, the father twelve dollars, and the brother six dollars. If the fund was distributed equally to the needs of the five, so that each received the benefit of an expenditure of six dollars, then the brother expended just what he paid in, the deceased and his father each provided six dollars more than he expended, and the mother and sister were the sole beneficiaries of the excess payments. It is, therefore, difficult to see wherein the father could have been dependent upon his son. The aid of the son lightened the burden of the father, but such aid made the mother and sister, not the father, the dependents of the deceased. For the loss of such aid the mother and sister have received awards, and for the same loss the father cannot also be paid without duplication of compensation. It is clear that unless the father expended more than the twelve dollars which he paid he received no benefit from the contributions of his son. As no such expenditure was proven, the father was not a dependent of the deceased employee, and should not have had an award.

The award is reversed and the matter remitted to the Commission for action in accordance with this opinion.

All concurred, except JOHN M. KELLOGG, P. J., dissenting.

Award reversed and matter remitted to the State Industrial Commission.