STATES ENGINEERING COMPANY ET AL. *v.*
WILLIAM J. HARRIS.
[No. 34, April Term, 1929.]

*Decided May 24th, 1929.*

488

The cause was argued before BOND, C. J., URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Clater W. Smith* and *Roszel C. Thomsen,* with whom was *Walter L. Clark* on the brief, for the appellants.

*William D. Macmillan,* with whom were *Louis J. Sagner* and *Harold Tschudi* on the brief, for the appellee.

ADKINS, J., delivered the opinion of the Court.

This appeal is from a judgment of the Baltimore City Court, affirming an award of the State Industrial Accident Commission in favor of William J. Harris, the appellee, as a dependent of his deceased son. The award was $13.33 per week, payable weekly, for the period of seventy-five and one-sixth weeks, not to exceed $1,000. The single question in the case is that of dependency.

At the time of the death of the son he was living with his father and step-mother. The father was earning $46.15 a week and the son $20. The son was twenty-one years old. These earnings were all given to the step-mother as a family fund, and, with the exception of $5 or $6 a week, which was returned to the son, was used for family expenses. The estimated expenses of the family, as far as the father and step-mother could remember the items, amounted to $2,694, made up of rent, food, clothing for father and stepmother, furniture, insurance, gas and electricity, coal, washing, and one or two other small items. It is apparent there were other expenditures than those included in the amount given by the witnesses, because according to the testimony there was no savings account.

The father testified that when the son was not working

they had to cut down their expenditures, and the step-mother's testimony was that since his death they had been obliged to curtail their expenses. There is no testimony as to what the cost of maintenance of the son was.

The court granted claimant's burden of proof prayer, and the prayer of the employer and insurer, instructing the jury that there was no evidence of total dependency, but refused their two prayers, one that there was no evidence of partial dependency and the other that there was no evidence that claimant was "dependent at all upon his son, Lawrence Julius Harris, for support."

The exception is to the ruling of the court on the prayers, the contention of appellants being that all of their demurrer prayers should have been granted.

This contention is based (a) on the fourth prayer of the employer and insurer, which was granted, to the effect that claimant was not at all dependent upon the deceased unless claimant drew more benefit from the family fund than he contributed thereto; and upon appellant's interpretation of the meaning of that prayer, which was that "benefit," as used in the prayer, meant personal maintenance, and that the part of the fund which would be allocated to the support of the step-mother could not be considered as a benefit to the father within the meaning of the prayer; (b) on the theory that in a proper division of the fund between the three, the portion allocable to the deceased exceeded his contribution to the fund. There are several difficulties about these theories.

(1) We are not prepared to hold that, in a family arrangement such as existed in this case, the fact that the contribution made by the son enabled the father to support his wife better than he otherwise could have done cannot be taken into consideration. There is much to be said for the view of the Louisiana court, that assistance which had been furnished by a deceased son to parents in meeting a legal and moral obligation to support those dependent upon them was a ground of claim of dependency. *Harris v. Calcasieu Long Leaf Lumber Co.,* 149 La. 649. See also *Heinzelman v. New Orleans,* 149 La. 215. The same principle seems to have

been involved in the English case—*Tamworth Colliery Co. v. Hall*, 81 L. J. K. B. (N. S.), 159, 105 L. T. (N. S.) 449, 4 *Butterworth's W. C. C.*, 313. In the last mentioned case the father, who claimed dependence on a deceased son, and whose claim was allowed, was maintaining a crippled brother. *Frear v. Ells*, 200 App. Div. 509, 193 N. Y. Supp. 324, and *Klein v. Brooklyn Heights R. Co.*, 188 App. Div. 509, 177 N. Y. Supp. 67, strongly relied on by appellants, are cases where those whose expenses were eliminated in considering the dependency of the claimant were, themselves claimants, and it would have been counting them twice otherwise.

(2) It could not be found from the evidence how much of the common fund was allowable to each of the three.

(3) It does not follow from the fact that the father's contribution to the fund was more than three times that of the son that the father was not at all dependent upon the son in maintaining their home. It could well be a case of mutual dependence, where the comparatively small amount contributed by the son made up the total amount necessary. And this might be so even if he and his son had been the whole family. It is more than likely that, if there had been no wife, the cost of a housekeeper would have been as much as the part of the fund required for the wife. There is no definition of dependency contained in the Workmen's Compensation Act of this state. Certain enumerated classes are presumed to be wholly dependent. "In all other cases, questions of dependency, in whole or in part, shall be determined in accordance with the facts in each particular case existing at the time of the injury resulting in death of such employee." Code, art. 101, sec. 36.

We can find no support in the record for the statement in appellant's brief that the uncontradicted evidence shows that the contributions which the son made to his stepmother did not cover his expense to the family. If that were so, an instruction based on such a showing would have presented a sounder proposition of law than that contained in appellant's fourth prayer above referred to; for, of course, if the extra amount required to keep up the establishment, by reason of

the son's living there, was more than the son contributed, the father could not have been dependent upon him. But we think there was evidence making possible a different conclusion.

We do not agree with appellant's suggestion that the case on the evidence is reduced to a mathematical proposition. It is easy to say that one-third of $51.07, the average total expense per week, is more than $15, the net amount contributed by the son. But it is not shown by the record that the extra cost to the family was one-third of $51.07 by reason of the family consisting of three rather than two, or even that the son's requirements were one-third of the amount actually expended.

It is a fact generally known that the expenses of a family do not increase proportionately with the increase of members. In our opinion, the inference is permissible from the testimony of the father and stepmother that some of the things which the father had enjoyed by reason of the contribution of the son, and which were reasonably appropriate for one in the father's station in life, were not within his means after the son's contribution was no longer available. We find no error in the refusal of the demurrer prayers.

The conclusion we have reached finds support in *Grant v. Kotwall,* 133 Md. 573, and in the cases hereinbefore cited, and in other cases collected in notes in 13 *A. L. R.,* p. 693; 30 *A. L. R.,* p. 1258; 35 *A. L. R.,* p. 1070. However, the learned trial judge was in error in his construction of the decisions of this court relative to the effect of the provision of the statute making the decision of the commission *prima facie* correct. We said in *Harrison v. Central Construction Co.,* 135 Md. 170, that in cases where the facts are conceded or undisputed, and there is no dispute as to the inferences to be drawn therefrom, their legal significance is a matter of law to be determined by the court, and that the expression in *Jewell Tea Co. v. Weber,* 132 Md. 182 and other cases, that the court was not authorized to say that the appellant had met the burden of proof imposed upon it by section 56 of article 101 of the Code, was not intended to apply to such

492

a case. And what was said in the *Harrison* case was approved in *Todd v. Easton Furniture Co.*, 147 Md. 355, and in *Bogatsky v. Swerdlin*, 152 Md. 18. And the reason it becomes a matter of law for the court to decide, as was pointed out by Judge Offutt in the opinion of the court in the last mentioned case, is that if the facts are conceded, and there is no dispute as to the inference to be drawn therefrom, there is no issue of fact to be submitted to the jury. In the opinion of this court, delivered by Judge Urner in *Todd v. Easton Furniture Co., supra,* it was said that the rule announced in *Harrison v. Central Construction Co., supra,* is not incompatable with the principle announced in *Jewell Tea Co. v. Weber, supra,* and several other cases applying that principle.

*Judgment affirmed, with costs to appellee.*