BROOKS ET AL. *v.* BETHLEHEM STEEL COMPANY
(Three Appeals in On Record)

[No. 57, October Term, 1951.]

30

*Decided January 9, 1952.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, HENDERSON and MARKELL, JJ.

*Maurice J. Pressman,* with whom was *William Hoffenberg* on the brief, for Joyce B. Brooks.

*Edwin J. Wolf,* with whom was *W. Walter Farnandis* on the brief, for Irene Johnson.

*Walter C. Herlihy,* with whom were *Paul Berman, Theodore B. Berman* and *Sigmund Levin* on the brief, for Early Brooks and Minnie Brooks.

*Jesse Slingluff, Jr.,* for the appellee.

MARKELL, J., delivered the opinion of the Court.

These are appeals from a judgment which reversed as to two claimants on the jury's verdict, and affirmed as to two others on judgment *n.o.v.,* a decision of the State Industrial Accident Commission.

Herman Brooks was injured on October 11, 1948, while working for Bethlehem Steel Company, and died a few days later. He left surviving an illegitimate child, Irene Johnson, eleven years old, a legitimate child, Joyce, seven years old, and his parents. He had killed his wife when Joyce was eight months old, and had been convicted of murder and sentenced to eighteen years imprisonment. On February 5, 1948 he was paroled, and for about two months worked and lived at the Sheppard-Pratt Hospital. In April he went to work in the Montebello tunnel and there made an average of $65 a week. He was laid off about the first of September and was out of work for several weeks. He then went to work for Bethlehem Steel Company but died before he received any wages.

After he left the Sheppard-Pratt he lived with his parents. His sister, her husband and their four children

also lived there. His mother testified that he gave her and his father each ten dollars a week while he was working at the tunnel and "would also pay for the milk and would buy groceries and he helped me with the furniture bill and telephone bill"; it was he only who contributed to her support in the spring and summer of 1948.

Irene lived with her mother, who is married. While he was in the penitentiary he gave her mother "a couple of checks", while he was at the Sheppard-Pratt he once gave her ten dollars and once fifteen dollars. After he went to work in the Montebello tunnel the mother would get five dollars every week from him; if he missed a week he would make it up. The mother testified that, "In addition to the money Brooks bought her shoes, skirt, and a blouse"; she does not know definitely how often these were bought but once in a while; she got no money from him after he left the tunnel company; she had to add to what he gave her to support the child; five dollars a week would not support the child; she did not get more than five dollars a week from him; the last money she got from him was the first part of September. Irene testified that her father sometimes gave her quarters or dollars, gave her "money for a trip one time", bought her "a pair of shoes and a skirt and something else"; sometimes he gave her dollars and quarters for herself to go to the movies with and buy ice cream or get herself something; sometimes he took her to the movies.

Joyce lived with her maternal grandmother. The father gave five dollars a week in substantially the same circumstances as he did for Irene. The grandmother testified that five dollars a week did not support the child. Joyce testified that he would sometimes give her a quarter and sometimes a dollar.

Claims were filed for both children and both parents. The commission found that all four were partially dependent. On appeal (by whom does not appear) the jury found that both children were wholly dependent

and the parents were not dependent at all. The employer had asked a directed verdict that the children were not wholly dependent; the court granted a judgment *n.o.v.* to this effect, thus affirming the commission's decision. As to the parents, the commission's decision was reversed on the jury's verdict. All four claimants have appealed.

The only questions here presented are the legal sufficiency of the evidence to show that the children were wholly dependent (which they claim) and to overcome the presumption in favor of the commission's decision that the parents were partially dependent (which they claim).

Section 35 of the act, before it was amended in 1947,** contained an exclusive enumeration of dependents, among them "wife" and "child or children", and declared that a wife and in specified circumstances a child or children should be presumed to be wholly dependent. In section 67 the definition of "child" and "children" had been amended in 1920*** so as to include illegitimate children in specified circumstances. Only in the circumstances specified in section 67 did "children" in section 35 include illegitimate children. *Dukes v. Eastern Tar Products Corporation,* 197 Md. 564, 80 A. 2d 39. When section 35 was amended in 1947 the exclusive enumeration of beneficiaries and the presumptions of total dependency of wife and children were omitted and questions of dependency, in whole or in part, in all cases, were made questions of fact, construed by this court to mean the fact of receipt of pecuniary support, whether in money, services or otherwise in money's worth. Legal or moral duty to support is not necessary, and in the absence of actual support is not sufficient, to constitute dependency. *Kendall v. Housing Authority of Baltimore,* 196 Md. 370, 76 A. 2d 767. The definition of "child" and "children" in section 67 was not changed, but ceased to be relevant to section 35, as amended.

** Acts of 1947, ch. 895.
*** Acts of 1920, ch. 456.

In the instant case the children invoke the statement, twice quoted by this court, "Total dependency exists where the dependent subsists entirely on the earnings of the workman; but in applying this rule courts have not deprived claimants of the rights of total dependents, when otherwise entitled thereto, on account of temporary gratuitous services rendered them by others, or on account of occasional financial assistance received from other sources, or on account of other minor considerations or benefits which do not substantially modify or change the general rule as above stated." *Larkin v. Smith*, 183 Md. 274, 280, 37 A. 2d 340, 343; *Bethlehem-Fairfield Shipyard v. Rosenthal*, 185 Md. 416, 421-422, 45 A. 2d 79. In the *Rosenthal* case the opinion of the court was based in part on the statutory presumption of total dependency of the wife. In any aspect the cases cited are not applicable to the facts in the instant case. The children are not, on account of temporary services or occasional assistance or other minor considerations, "deprived of the rights of total dependents, when otherwise entitled thereto". On the undisputed facts they were dependent primarily on the grandmother and mother respectively, and never were entitled to the rights of total dependents. There is no occasion to discuss or mention decisions in other states under statutes materially different, in dependency provisions, from the Maryland act, either before or since 1947. The evidence is quite insufficient to show total dependency.

The parents contend that the evidence is legally insufficient to overcome the presumption of correctness of the commission's decision that the parents were partially dependent. We assume that this question is presented by a request, not altogether clear, for a ruling. The statutory burden of proof that the commission's decision was incorrect is a burden of persuasion, which may be sustained by satisfying the jury from the same evidence on which the commission made its decision. No additional evidence is necessary. *Moore v. Clarke*, 171 Md. 39, 45-46, 187 A. 887, 107 A. L. R. 924, *Williams*

35

*Construction Co. v. Bohlen,* 189 Md. 576, 580, 56 A. 2d 694. It is argued that the uncontradicted evidence shows that the parents each received ten dollars a week, plus other assistance, and that this is more than board and lodging in that household. The opposing contentions present jury questions both as to the truth of the mother's testimony and as to whether the payments constitute support or only board and lodging. The evidence was legally sufficient to go to the jury on the question of dependency of the parents.

*Judgment affirmed, with costs, on all appeals.*