BALTIMORE TRANSIT COMPANY *v.* MITCHELL

[No. 15, September Term, 1957.]

*Decided October 18, 1957.*

348

The cause was argued before Brune, C. J., and Collins, Henderson, Hammond and Prescott, JJ.

*John E. Boerner* and *Patrick A. O'Doherty* for the appellant.

*Samuel D. Hill,* with whom were *Buckmaster, White, Mindel & Clarke* on the brief, for the appellee.

Henderson, J., delivered the opinion of the Court.

The appellee obtained a judgment for $2,500.00 in an action for personal injuries and damage to his automobile, sustained when a streetcar struck the rear end of his vehicle. The case was tried before the court and a jury. The appeal challenges the sufficiency of the evidence of negligence, the refusal to grant certain instructions, and the sufficiency of the evidence of permanent injuries.

The plaintiff was driving north on Harford Road at about 4 P. M. on a dry, clear day, and passed a streetcar on the right-hand side on or near Herring Run Bridge. He testified that he was travelling at about 25 to 30 miles an hour, the streetcar at about 20. The bridge is about 555 feet long, and there is a stop light about 340 feet beyond the northern end of the bridge, where Walther Avenue branches off. He testified that after he cleared the streetcar by 8 to 15 car lengths, he pulled into the left-hand lane, where the tracks were, so that cars coming behind him might turn right into Walther Avenue. He first testified that he passed the streetcar at the center of the bridge, later at the northern end. He testified that he was completely on the tracks at a point about half way between the northern end of the bridge and the intersection. The light turned amber, and then red, and he

came to a gradual stop. After he had been completely stopped for three or four seconds, the streetcar struck with a hard impact. His car was pushed from 5 to 8 car lengths. On cross-examination he testified he had completely passed the streetcar in the middle of the bridge and was straddling the tracks at the northern end. At one point he said he passed the streetcar in the center of the bridge and at another that he had not. Pointing to these verbal inconsistencies, the appellant asks us to rule that his testimony is too vague and contradictory to be worthy of belief.

We find no merit in the contention. The jury might well believe that he was confused as to the exact point where he passed the streetcar, or where he pulled onto the tracks, and still believe his statement, which involves no contradiction, that he was straddling the tracks at a point at least 170 feet south of the stop light, that he came gradually to a full stop and remained standing for 3 or 4 seconds prior to the collision. And if this is accepted as true, the jury might well find, as they did, that the cause of the accident was the failure of the motorman to observe the changing light and to bring the streetcar to a stop so as to avoid striking the overtaken vehicle. In all of the cases cited by the appellant the contradictory testimony went to a vital point. That is not true in the instant case. Cf. *Gavin v. Tinkler,* 170 Md. 461, 465. It is quite immaterial, in testing the sufficiency of the evidence on behalf of the plaintiff to warrant the submission of the case to the jury, that the defendant offered evidence contradicting the plaintiff's testimony.

The defendant requested instructions that the motorman had a right to assume that the automobile driver would not leave a place of safety and turn on the tracks when the streetcar was in close proximity. The court instructed the jury that they might find for the defendant if they found that "the plaintiff passed the streetcar and cut in front of it in such a way as to make it impossible for the defendant to stop", and this covered in substance the instruction requested. It was not necessary to amplify the instruction by abstract references to a "place of safety", a phrase gleaned from crossing cases. See *Knibb v. Jackson,* 210 Md. 292, 299, and *Ager v. Balti-*

*more Transit Co.,* 213 Md. 414, 425. Moreover, we think this was not a crossing case, but a case involving an overtaken vehicle. Even the motorman testified that his car was 30 feet from the intersection when the automobile entered the tracks 10 or 15 feet ahead. If both vehicles had proceeded at the same speed, obviously there would have been no collision. The cause of the collision was not the entry on the tracks, but the stopping of the overtaken vehicle. If the light was yellow when the automobile was 20 feet from the intersection, and the streetcar 10 or 15 feet behind, as the motorman admitted, the only question is whether the motorman should not have anticipated that the automobile would stop. Cf. *Todd v. Ferrell,* 212 Md. 574, 583.

The final point, as to the permanency of the injuries, turns on the reasonable probability of recurrent pain in the chest. The court instructed the jury that there was no evidence of disability. The plaintiff's physician, Dr. Osborne, testified that he first saw the plaintiff on the date of the accident, and that he complained of pain in the neck, chest and knee. Examination disclosed muscle strain in left upper chest. Nine days later, after medication and heat treatment, this muscular condition was so severe as to cause the patient to grimace when touched, although X-rays showed no fracture. Dr. Osborne's prognosis was "estimated morbidity of about six weeks." About six weeks after the accident the doctor again saw the patient, and observed tenderness in the same area. He told the patient the outlook for the future was not as pleasant as he had given him before; it would be some time before he was well, and perhaps he would always have trouble with this condition. On cross-examination he testified he told the patient at that time that the condition was "fibromyositis" and that "it may last for many many years, might be permanent because those things are known to be permanent at times." He testified he first thought the condition would improve, as is usually the case. "If after six weeks it does not occur it will be a sub-acute or chronic nature and it had gone along for longer a time than that in this patient." This was the only medical testimony, but the plaintiff testified that he still had pains at the time of the trial, nineteen months later.

We think there was legally sufficient evidence on the point. See *Greer Transportation Co. v. Knight,* 157 Md. 528, 539, and *Baer Brothers, Inc. v. Keller,* 208 Md. 556, where the authorities are reviewed.

*Judgment affirmed, with costs.*