MOATS *v.* STATE et al.

[No. 104, September Term, 1957.]

50

The cause was argued before BRUNE, C. J., and COLLINS, HENDERSON, HAMMOND and PRESCOTT, JJ.

*I. Sewell Lamdin* and *William J. Dwyer* for the appellant.

*J. Howard Holzer, Special Assistant Attorney General,* with whom were *C. Ferdinand Sybert, Attorney General,* and *U. Theodore Hayes* and *Ernest N. Cory, Jr., Special Assistant Attorneys General,* on the brief, for the appellees.

BRUNE, C. J., delivered the opinion of the Court.

The appellant, Moats, was committed to Rosewood State Training School (Rosewood), an agency of the State, on June 4, 1954, "as a minor without proper care and guardianship, for an indefinite period of time." Moats was then about sixteen and one-half years old. Several weeks later, while he was operating a wringer in the laundry of the institution, he was badly injured through his right arm becoming caught in the machine. A claim was filed on his behalf under the Workmen's Compensation Law. The State Industrial Accident Commission (the "Commission") held hearings on two different dates and determined (a) that the claimant was an employee of Rosewood within the meaning of the Workmen's

Compensation Law, (b) that he sustained an accidental injury arising out of and in the course of his employment, (c) that as a result of his injury he incurred a partial, permanent disability resulting in 85% loss of use of his right arm, (d) that he was not illegally employed and (e) that his average weekly wage was $13.62.

Rosewood and the State Accident Fund, its insurer, appealed to the Circuit Court for Baltimore County, which reversed the decision of the Commission on the ground that the claimant, Moats, was not within the coverage of the Workmen's Compensation Law; and Moats appeals from the judgment of that Court.

In this case there is no dispute as to the facts or as to the inferences to be drawn therefrom; and consequently the Court may decide the issue as one of law. *Krell v. Maryland Drydock Co.,* 184 Md. 428, 435, 41 A. 2d 502.

Rosewood is a State institution for the care, treatment and possible rehabilitation of the mentally defective or retarded. It is now "under the supervision, direction and control of the Department of Mental Hygiene." Code (1951), Article 59, Section 18. Whatever may have been the conduct of Moats which led to his commitment to that institution, he was not committed as a criminal. Though the record is not clear, it would appear from his commitment as "a minor without proper care and guardianship" that he was committed, not as a criminal, but as either a "neglected child" or a "dependent child", as defined in paragraphs f and g, respectively, of Chapter 526, Section 560 of the Acts of 1941, amending Article 22, Section 559, paragraphs b and c of the Public Local Laws of Maryland (1930). In any event, Rosewood is not a penal institution, and those committed to it are described as patients, not as prisoners. Unquestionably, the claimant-appellant is not, under the exact terms of Section 34 of Article 101 of the Code (1951), entitled to the benefits thereof which provides in part that: "Whenever any prisoner in the Maryland Penitentiary or the Maryland House of Correction shall be engaged in any extra-hazardous employment within the meaning of this Article for which wages or a stipulated sum are paid either to the institution or to the prisoner, this Article shall be applicable

thereto." Likewise, because Rosewood is not a penal institution, he does not receive the benefits of the administrative practice under which claims are paid to inmates of penal institutions other than those specifically mentioned in Section 34.

The appellant relies principally upon Section 32 of Article 101 of the Code (1951), which provides in part as follows: "Whenever the State, county, city or any municipality shall engage in any extra-hazardous work, within the meaning of this Article, whether for pecuniary gain or otherwise, in which workmen are employed for wages, this Article shall be applicable thereto."

The appellant was assigned to work in the laundry. The appellees assert that this was to aid in his rehabilitation; the appellant stresses that it was to help in doing work which was necessary for the operation of the institution. It seems clear that in any event the appellant was not paid any sum for his services and that apart from whatever treatment may have been given him, which is not shown, he received simply a place to stay and his meals. Just how the Commission arrived at its determination of Moats' "weekly wage" on the basis of the value of the board and lodging furnished him is not apparent. The real question is whether or not he was a workman employed for wages.

The appellant relies upon the cases of *Merrill v. State Military Dept.*, 152 Md. 474, 136 A. 897, and *Clauss v. Board of Education*, 181 Md. 513, 30 A. 2d 779.

The *Merrill* case involved a claim by a member of the State militia for an injury sustained while he was engaged in military service in peacetime. A statutory provision applicable in that case declared that members of the militia so on duty were to be deemed workmen of the State for wages within the meaning of the Workmen's Compensation Law. There was no question of coverage; the only question was with regard to the basis upon which the soldier's average weekly wage was to be computed.

In the *Clauss* case, there was no question that the claimant was an employee of the Board of Education for Anne Arundel County or that his work was extra-hazardous within the meaning of the statute. One controverted question was whether or

not the Board of Education was an agency of the County. This was answered in the affirmative. The other question was whether or not, under the maxim that *expressio unius est exclusio alterius,* the enumeration in the statute of employees of certain specifically named agencies inferentially excluded employees of all other State, county or municipal agencies. It was held that it did not, because the purpose of the several amendments which had brought these employees of sundry specified agencies within the coverage of the Workmen's Compensation Law, was to designate as "workmen for wages" certain employees who would not otherwise be so considered. The amendments were said to have been made probably to meet the decision in *Harris v. Baltimore,* 151 Md. 11, 133 A. 888, that a park policeman employed by the Board of Park Commissioners of Baltimore City was not a workman employed for wages.

Neither of these cases, in our view, avails the appellant in the instant case. While the statute now in terms applies when the State or a county, city or municipality engages in any extra-hazardous work, whether for pecuniary gain or otherwise, it still applies only to workmen employed for wages, including those who, by various amendments, are to be deemed such. Unfortunately for the appellant, inmates of mental institutions who may perform tasks in or about such institutions for which they are not paid any wages are not within the coverage of the Workmen's Compensation Law either by the ordinary meaning of the general words "workmen * * * employed for wages" contained in Section 32 of Article 101 or by any amendment added to that Section under which they should be deemed to be so included. This is a situation in which the amendments of Section 32 that have extended its coverage to certain groups of employees who would not otherwise be regarded as "workmen * * * employed for wages" give rise to the strong inference that those who are neither within the ordinary meaning of that term nor specifically declared to be deemed to be included within it, are not intended to be covered.

Since the appellant is a male who was not less than sixteen years of age at the time he was assigned to the laundry at Rosewood, we find his claim that he was illegally employed not to

be supportable. Code (1951), Article 100, Section 10. There is nothing to show that Section 12 of that Article relating to all minors under the age of 18 years would be applicable.

Regrettable as it may be that claimants in the position of this appellant are without remedy under the Workmen's Compensation Law, a change in the law which would result in bringing such unfortunates within its protection is, as Judge Raine observed in his opinion in the trial court, within the power of the Legislature, not of the courts.

It follows from the views above expressed that the judgment must be affirmed.

*Judgment affirmed, with costs.*