MARIO ANELLO & SONS, INC. ET AL. *v.* DUNN

[No. 249, September Term, 1957.]

178

*Decided May 26, 1958.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*J. Kemp Bartlett, III,* with whom were *Bartlett, Poe & Claggett* on the brief, for appellants.

*John K. Barbour, Jr.,* for appellee.

PRESCOTT, J., delivered the opinion of the Court.

This is an appeal by the employer and insurer from a judgment entered in the Baltimore City Court reversing a decision of the State Industrial Accident Commission (Commission) that Clara M. Dunn, claimant and widow of Luther W. Dunn, deceased, was partially dependent upon the deceased at the time of the injury that resulted in his death within the meaning of Article 101, Section 36 (8) (a), (d), Code (1957). The cause had originally been heard before the Commission and resulted in an award to Mrs. Dunn as being partially dependent upon the deceased. The claimant appealed to the Baltimore City Court where the case was submitted to the jury, over timely motions by the appellants for a directed verdict, to answer this issue: "Was Clara M. Dunn wholly dependent upon Luther W. Dunn, deceased, at the time of his injury and death?" The jury's answer was, "Yes."

The facts are few, simple and undisputed. In 1949 the claimant was married to the deceased, and they lived as man and wife until his decease, with no children being born as a result of their marriage. On January 27, 1956, Mr. Dunn,

aged 56, an employee of Mario Anello & Sons, Inc., was operating a bulldozer in the course of his employment. The ground on which the bulldozer was working was frozen, and the bulldozer slipped and overturned upon him. He sustained multiple injuries, and died as a result thereof at South Baltimore General Hospital on January 30, 1956.

At the time of her husband's injury and prior thereto Mrs. Dunn was employed by the Western Coat Pad Company, a Baltimore concern, as a sewing-machine operator. In 1954 she earned a total of $1,604.51, in 1955 a total of $1,957.40 and during the month of January, 1956, she was employed and received an average take-home pay of approximately $30.00 per week. Her husband earned an average weekly wage of $90.00. Mrs. Dunn pooled the money that she earned with the money that her husband earned, and they used their money together to pay the bills. She planned to cease work in the spring of 1956. The appellants concede that Mrs. Dunn was partially dependent upon the deceased, but contend that the undisputed facts, and all inferences that may be drawn from them, conclusively show that she was not wholly dependent upon him in the sense that "wholly dependent" is meant in the statute and in the manner that the words have been construed by this Court. The only question for our decision is the correctness, *vel non*, of the trial court's refusal to grant the appellants' motions for a directed verdict.

Generally defined, a "dependent" within the meaning of the Maryland Workmen's Compensation Act, is one who relies wholly or in part upon a workman for the reasonable necessities of life at the time of his accidental injury. A legal or moral obligation to support some one does not create dependency in the absence of actual support. *Havre de Grace Fireworks Co. v. Howe*, 206 Md. 158, 164. In *Larkin v. Smith*, 183 Md. 274, 280, this Court defined what is meant by being "wholly dependent" in substantially the following language:

> Total dependency exists where the dependent subsists entirely on the income of the deceased; but, in applying this rule courts will not deprive claim-

ants of the rights of total dependents, when other-
wise entitled thereto, on account of temporary gra-
tuitous services rendered them by others, or on
account of occasional financial assistance received
from other sources, or on account of other minor
considerations or benefits which do not substantially
modify or change the general rule as above stated.
In other words the individual has no consequential
source or means of maintenance other than the in-
come of the deceased.

This Court has had before it, on many occasions, the ques-
tion of whether the evidence on the issue of total (or partial)
dependency is sufficient to require that it be submitted to the
jury. In each case where the evidence, or any inferences
fairly deducible from it, was legally sufficient to support a
rational conclusion of total dependency as opposed to the
theory of a prayer for a directed verdict, this Court has held
that the issue should be submitted to the jury, or the court
sitting as a jury. Among those cases, see: *Knibb v. Jack-
son,* 210 Md. 292; *Superior Builders, Inc. v. Brown,* 208 Md.
539; *Washington Suburban Sanitary Comm. v. O'Donnell,*
208 Md. 370; *Bethlehem-Fairfield Shipyard v. Rosenthal,*
185 Md. 416; cf. *Todd v. Easton Furniture Mfg. Co.,* 147
Md. 352; *Krell v. Maryland Drydock Co.,* 184 Md. 428;
*Harvey v. Roche & Son,* 148 Md. 363. On the other hand,
we have consistently held the converse to be true, *i.e.,* where
the facts are undisputed, and permit no inferences consistent
with the existence of a supposed or asserted right, the ex-
istence of such right is an unmixed question of law for the
court, whether the question is dependency or otherwise. Among
these cases, see: *Harrison v. Central Constr. Co.,* 135 Md.
170; *Brooks v. Bethlehem Steel Co.,* 199 Md. 29; *Havre de
Grace Fireworks Co. v. Howe, supra; Moats v. State,* 215
Md. 49, 51; *Alexander v. Tingle,* 181 Md. 464, 470.

We think the present case falls within the latter line of
decisions, rather than the former, and the case of *Knibb v.
Jackson, supra,* is controlling here. It will be remembered

that Mrs. Dunn stated that she earned substantial sums of money for about two and one-half years before her husband's injury and she pooled the money she earned with the money her husband earned, and they used their money together to pay their bills. In the *Knibb* case, the question of total dependency of a boy upon his brother was the issue. Both brothers lived with their mother. She earned $32.00 per week, and the deceased brother gave her $22.00 per week. The claimant claimed that he was supported entirely from the $22.00 per week given by his brother to their mother, and the mother contributed nothing towards his support. The employer and the insurer, however, contended that the mother's earnings and the contributions from the deceased were pooled in a single fund and used for the common benefit of all three of the family. There was testimony that would have permitted a finding either way. The appellants requested, and the lower court refused, a prayer that would have instructed the jury if it found that the earnings of the mother and the contributions from the brother "were pooled for the common support and maintenance of the three members of the household, as of the date of this injury," then the jury must find a partial, and not a total, dependency. Judge Hammond, speaking for the Court said: "In the case before us, if the parts of the testimony and the inferences from it, stressed by the appellants [principally the pooling of the earnings], were established as the facts, the case would be difficult, if not impossible, to distinguish from the *Brooks* case" (*Brooks v. Bethlehem Steel Co., supra.* The words inclosed in brackets have been supplied.) Meaning, of course, that if the *Knibb* case could not be distinguished from the *Brooks* case, the question of total dependency would be a matter of law not to be submitted to the jury. The Court then held that it was reversible error for the trial court to refuse the prayer, mentioned above, concerning the pooling of the earnings and their use for the common support of the family. In the instant case, the claimant admits her earnings were pooled with her husband's and used to pay their bills, which means, if we are not to depart from the ruling in the *Knibb* case, that if her contributions to the pool were a con-

sequential source of her maintenance, she was not wholly dependent upon her husband as a matter of law.

The appellee attempts to stress the point that the facts are undisputed, but claims there is a dispute over the inferences to be drawn from the facts. She fails, however, to state what those inferences are and how they may be fairly deducible from the facts. In view of Mrs. Dunn's substantial contributions to the pool of her and her husband's wages for nearly two and one-half years extending to the date of his injury, and the use of the funds for the support of the family, we are unable to say that a jury could properly find, or infer, that her earnings were not a consequential part of her maintenance; therefore she was not wholly dependent upon her husband.

In the light of this ruling, it becomes unnecessary to determine any other questions raised by the appellants.

*Judgment reversed and case remanded for the entry of a judgment in accordance with this opinion, the appellee to pay the costs.*