SARAH McK. HARVEY *vs.* GEORGE J. ROCHE & SON ET AL.

GEORGE J. ROCHE & SON ET AL. *vs.* ALMEA HAR-VEY ET AL.

*Workmen's Compensation—Persons Partly Dependent—Wife as Wholly Dependent—Instructions.*

Where, on appeal from the Industrial Accident Commission, testimony of witnesses before the commission had been read to the jury, the court properly refused to allow these same wit-nesses to be called to repeat that testimony before the jury.
pp. 366, 367

In view of the provision of the Workmen's Compensation Act, sec. 36, that if there are no wholly dependent persons at the employee's death, but there are partly dependent persons, those partly dependent shall receive compensation, a partly dependent person is not entitled to receive compensation when there is a wholly dependent person. p. 367

An instruction that if the jury found the widow of the de-ceased employee wholly dependent, they should find that his sister was not partly dependent, was erroneous, since the sister might be partly dependent although not entitled to compensa-tion. p. 368.

Although an erroneous instruction that if the widow of the deceased employee was wholly dependent, his sister was not partly dependent, was prejudicial to the sister if regarded as a final decision against her right as a possible survivor of the

widow, *held* that, the judgment in favor of the widow to the exclusion of the sister being proper under existing conditions, it should stand without prejudice to the sister's proof of dependency if the widow should die before compensation had been fully paid, and the sister survived.                    p. 368

The widow of the deceased employee, who had been living apart from him, having testified that he had deserted her, rather than that she had deserted him, that he had been contributing fifty dollars a month to her support, except for which she had little, and other witnesses having corroborated her in part, *held* that there was evidence legally sufficient for a finding of her entire dependency.                    pp. 368, 369

That an instruction erroneously referred to the probability of support of the claimant wife by deceased at the time of his death, rather than to her actual support by him at that date, as the test of her right to compensation, *held* not prejudicial as regards the employer and insurer, in view of the facts that the whole dispute before the jury was as to actual contributions by deceased to his wife's support, and other instructions referred to actual support as the test.                    pp. 369, 370

*Decided May 7th, 1925.*

Appeals from the Superior Court of Baltimore City (SOLTER, J.).

Conflicting claims to compensation under the Workmen's Compensation Act by Almea Harvey, widow, and Sarah Mc.K. Harvey, sister, of Wm. T. Harvey, deceased, against George J. Roche & Son, employer, and the Maryland Casualty Company, insurer. From a judgment affirming an award by the State Industrial Accident Commission in favor of the widow, and denying compensation to the sister, the sister, and the employer and insurer, separately appeal. Judgment affirmed.

The causes were argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, PARKE, and WALSH, JJ.

*Guy B. Brown,* for Sarah McK. Harvey, appellant.

*Austin J. Lilly* and *Charles S. Lerch,* for George J. Roche & Son and the Maryland Casualty Company, appellants.

*J. Abner Sayler,* for Almea Harvey, appellee.

BOND, C. J., delivered the opinion of the Court.

William T. Harvey died as the result of injuries arising out of and in the course of his employment as a painter by George J. Roche & Son, and this controversy has arisen from conflicting claims of his widow and his sister to compensation under the Workmen's Compensation Act. The widow claims compensation as one wholly dependent upon the deceased workman for her support, and the sister claims as one partially dependent. The witnesses before the commission, and on appeal before the Superior Court of Baltimore City, agreed that at the time of the injury and death the husband and the wife had been living apart for a year or more, but there was some conflict as to the reason for the separation. The wife and the witnesses on her behalf testified that the husband continued to pay her substantial sums of money up to the time of his death, and that, except for ten dollars a week paid her by a boarder, she had no other support. And in opposition to this it was testified by several friends or acquaintances of the husband that he denied giving his wife any support and repudiated all obligation to support her. There was also evidence tending to prove that the deceased workman regularly gave his sister about five dollars a week for her support, and that she had only six dollars a week besides.

The commission awarded compensation to the widow as one wholly dependent, and denied compensation to the sister. And the jury on appeal, answering specific issues submitted to them, rendered a verdict that the widow was wholly dependent upon the deceased for support, and that the sister was not at all dependent upon him. The sister, the employer, and the insurer all appeal from the judgment based upon that verdict.

There was one exception taken to a ruling on the admissibility of evidence. After having read to the jury the testimony of three witnesses taken before the commission, to the effect that the deceased had, some time before his death, denied having given any support to the wife, and that he repudiated any obligation to support her, the employer and the insurer, and the sister, desired to call these witnesses to repeat that testimony before the jury, and upon objection the court refused to permit it. The objection and the ruling appear to have been based altogether on the ground that repetition of the evidence would be improper. In *Frazier v. Leas,* 127 Md. 572, and *Solvuca v. Ryan & Reilly Co.,* 131 Md. 265, this Court held that the right to a jury trial on questions of fact raised on appeal, (section 56 of the act), carried with it the right to produce witnesses to give any proper oral evidence before the jury. But, at the same time, the unreasonableness of giving a jury the same testimony twice, once from a written transcript of it, and again from the same witnesses in the flesh, seems obvious; and hardly anything short of a positive statutory enactment would justify our holding that the legislature intended such a practice. In section 56 of the act, concerning proceedings on appeal, there is no requirement that the transcript of testimony taken before the commission shall be read to the jury; there is no mention of that testimony. The act evidently contemplates that the case may be presented to the court, without a jury, upon the proceedings and testimony taken before the commission. But nothing in it requires that the record of those proceedings and that testimony be submitted to the jury when a jury trial is had on the facts. The jury trial provided for would seem to be, not a review of the decision of the commission, but an original trial on the questions of fact submitted, in which the evidence is to be presented as in any other jury trial. *Cf. Miller v. State Industrial Acc. Com.,* 84 Oreg. 507; *Raney v. State Industrial Acc. Com.,* 85 Oreg. 199, 203. Nothing requires or justifies presenting any of it twice, that would not require or justify it regularly in any jury trials. And if it has once been presented to the jury

by the party producing it, in a manner which is proper, or
not objected to, that would seem to give the party all the
hearing to which he is entitled on so much of his case. And
so, having read to the jury from the record of the commission
all of the testimony of these witnesses, he should not call
them to repeat it. We think the action of the court in ex-
cluding it the second time was correct.

The further exceptions bring up for review instructions
granted or refused on the two claims. Section 36 of the act
provides that in case of death from injury "the benefits shall
be in the amounts and to the persons following: * * * If there
are wholly dependent persons at the time of death, the pay-
ment shall be sixty-six and two-thirds per cent. of the average
weekly wages, not to exceed, however," limits specified. And
"if there are no wholly dependent persons at the time of
death, but are partly dependent persons, those partly de-
pendent shall receive compensation as follows." The court
below, by granting the ninth prayer of the employer and the
insurer, instructed the jury that if they found the widow had
been wholly dependent on the deceased, then the sister, even
if partly dependent, would not be entitled to compensation
under the act. And the granting of this prayer is the main
ground of appeal by the sister. This statement of the law,
however, seems to us an unescapable result of the provision
that "if there are no wholly dependent persons at the time
of the death, but are partly dependent persons, those partly
dependent shall receive compensation." Not without ignor-
ing the clear direction of the statutes, could the court hold
a partly dependent person entitled to receive compensation
when there are wholly dependent persons. This qualification
on the rights of partly dependent persons contained in the
words "if there are no wholly dependent persons" was added
as an amendment by Acts 1920, ch. 456, and the allowance
to such dependents when there are persons wholly dependent
would be a return to the original provision and a nullification
of the amendment.

It seems to us that the provision in section 50, that the
benefits in case of death shall be paid and apportioned among

one or more dependents as directed by the commission, lends no aid in the construction of the clauses in section 36, as there might be more than one person wholly dependent, and section 50 would be consistent with a restriction of compensation to such persons, when there are any. Our conclusion is that the court below properly granted the ninth prayer of the employer and the insurer excluding partly dependent persons in such case, if there was evidence in this case legally sufficient for a finding that the widow was wholly dependent.

It is true that there is an inaccuracy in that instruction, in its statement that if the jury found the widow wholly dependent they should answer that the sister was not partly dependent; she might be none the less partly dependent but still not entitled to compensation. And her counsel urges that she is prejudiced by such an instruction, and the consequent finding of fact by the jury, because by erroneously excluding her as a dependent it destroys her right under the further provision of section 36 to receive compensation as a survivor if the widow should die before the compensation has been fully paid. By the granting of the sister's first prayer, the jury were clearly instructed that if she proved weekly contributions by the deceased toward her support, the answer to the question whether she was partly dependent should be answered, "Yes." The jury, however, answered, "No." If the decision in this case is to be taken as final on the right of the sister as a possible survivor of the widow, she has certainly been prejudiced by the instruction that she is to be held not partly dependent merely because of a finding that the widow was wholly dependent, and the prejudice would have to be corrected by a new trial. But, as we find the judgment a proper one for the existing conditions, we think we should not order a new trial to preserve unprejudiced the possible contingent rights of the sister, but should rather let the present judgment stand without prejudice to the sister's proof of dependency and claim of compensation, if the widow dies before compensation has been fully paid, and the sister survives.

It is provided by section 43 of the act, that a wife who

has deserted the employee, her husband, for more than one year prior to the time of injury, shall not be a beneficiary. But the testimony of the wife here tended rather to show desertion by the husband, and there has been no question of law presented upon any objection to the wife's claim on the ground of desertion by her. There was a conflict of evidence on the claim of actual contributions to her support by the husband, but as the wife testified to contributions averaging fifty dollars a month up to the time of the husband's death, and that except for that she had no income or support other than board paid by two women who lived in the house, and as this was in part corroborated by other witnesses produced on the wife's behalf, it is our opinion that there was evidence legally sufficient for a finding of entire dependency by the wife, and that the lower court properly rejected the first and second prayers of the employer and the insurer for an instruction to the contrary.

The third, fourth, fifth, sixth, seventh and eighth prayers of the employer and the insurer asked instructions defining dependency under the act, and directing answers to the issues accordingly. All were granted as offered except the eighth, which was modified by the court and granted in the modified form. That prayer reads: "The Court instructs the jury that the legal obligation to support cannot alone and of itself constitute dependency under the Compensation Law, and if they find that, although the claimant, Almea Harvey, was the wife of the deceased, William T. Harvey, at the date of his death, nevertheless, the said Almea Harvey was not actually being supported to a substantial degree by the said William T. Harvey at said date, then they must answer the employer and insurer's first and second questions "No," or if they find that she was not actually being wholly supported by the deceased at that time, they must answer the employer and insurer's first question "No."

And the court struck out that part of the instruction after the word "nevertheless," and substituted the words: "if there was no reasonable probability that she would be actually supported by the said William T. Harvey at said

date, then they must answer both the employer and insurer's first and second questions "No."

As the prayer was offered it was in substance and effect a repetition of previous granted prayers. Of the portion stricken out in making up the amended instruction, that respecting the answer to the first and second questions submitted by the employer and insurer was contained in the third prayer, which was granted, and that respecting the answer to the first question alone was contained in the fourth prayer, and, somewhat more elaborately, in the fifth and sixth prayers, all of which were granted. The jury would seem to have been sufficiently instructed on exactly those points, and we see no reason why the court should have given further instruction on them. The rejection of the prayer as it was offered was, therefore, in our opinion, not erroneous. To the modified instruction, the employer and insurer object that its reference to the probability of support, instead of actual support, gave a jury a misleading test, as actual dependence on the injured man's earnings is the only basis of compensation. The instruction appears to be made up of the statement of the law quoted in *State Industrial Acc. Com. v. Downton,* 135 Md. 412, 416. It is true that actual dependence upon the earnings of the deceased is the test of the right to compensation under the act, and a question of probability would, accurately speaking, arise only when an interruption to regular support is to be considered. The question whether the interruption is only temporary, or means an end to support, is one of probability. Exactly that question does not arise in this case, and the employer and insurer urge that the effect of the instruction under the circumstances may have been to lead the jury to base a finding of dependence on what they conceived to have been probabilities, for the future, apart from any actual dependence. But the difference between actual support at the time of death and "probability that she would be supported at said date," as the instruction has it, is a narrow one; and in view of the fact that the whole dispute before the jury was on the question of actual contributions or lack of contributions to the wife's support, and in

view, also, of the fact that several other instructions referred
the jury to actual past support as the test, we have not been
able to see any substantial likelihood of prejudice from any
error in the instruction.

Having found no prejudicial error in the rulings of the
lower court, we shall have to affirm the judgment.

> *Judgment affirmed in each case, with costs to the
> appellee in each.*