(No. 22271.—

THE LASALLE COUNTY CARBON COAL COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*— (MATT OVEN, Defendant in Error.)

*Opinion filed April 21, 1934—Rehearing denied June 8, 1934.*

JOHN J. SHERLOCK, and C. B. CHAPMAN, for plaintiff in error.

J. E. MALONE, JR., for defendant in error.

Mr. CHIEF JUSTICE ORR delivered the opinion of the court:

After a second hearing before the Industrial Commission, an award of $1650, payable weekly over a period of 158 weeks, was allowed to defendant in error, Matt Oven, father of Louis Oven, a coal miner, on account of the

latter's death while employed by plaintiff in error, the La-
Salle County Carbon Coal Company. This award was con-
firmed by the circuit court of LaSalle county and the cause
comes here for review by writ of error. The sole ques-
tion presented is one of dependency.

Louis was accidentally killed on December 19, 1928.
He had never been married. Except for two months im-
mediately prior to his death he had paid $25 a month regu-
larly to his older brother and sister-in-law for the care and
keep of his aged father. It is undisputed that his father
had been unable to work or support himself for about six
years. Louis had also lived and boarded at the home of
his older married brother and paid $30 a month therefor
until October, 1928, when he moved into other quarters.
For two months following he failed to pay the $25 per
month for his father's keep when it became due, but shortly
before he was killed he told his father, in the presence of
his sister-in-law, that when he got his first pay he would
pay all arrears in board then due.

It is claimed by plaintiff in error that since Louis at the
time of his death was admittedly not then contributing to
the support of his father, the latter was not a dependent
within the meaning of paragraphs $(b)$, $(c)$ and $(d)$ of sec-
tion 7 of the Workmen's Compensation act. The record
discloses ample competent evidence to establish the de-
pendency of defendant in error upon his deceased son
when the latter met his accidental death. The evidence
shows conclusively that the two months' break in monthly
payments for defendant in error's board did not disestablish
the relation of dependency which all the parties had recog-
nized for years. The objections of plaintiff in error to
testimony which consisted of a declaration by Louis two
days before his death that he intended to pay his father's
board were properly overruled. This testimony, in effect,
established that the failure of Louis to pay for his father's
support was temporary, only, necessitated by his present

lack of money. It was proper, though not essential, to show the cause for the lapsed payments by the only persons who knew about it, even though other competent evidence clearly showed a continuing and long established dependency.

We have repeatedly held, especially on questions of dependency, that the Workmen's Compensation act should receive a practical and liberal construction. (*Faber* v. *Industrial Com.* 352 Ill. 115; *Ritzman* v. *Industrial Com.* 353 id. 34; *Marshall* v. *Industrial Com.* 342 id. 400.) While the rules respecting the admission of evidence and burden of proof are the same under the Compensation act as at common law, (*Inland Rubber Co.* v. *Industrial Com.* 309 Ill. 43,) yet liability under the act cannot rest upon speculation or a choice between two views equally compatible with the evidence. (*Atlas Brewing Co.* v. *Industrial Com.* 314 Ill. 196.) Observing these principles, the competent evidence here warranted the Industrial Commission in finding that a state of dependency of defendant in error on Louis had existed for a number of years and continued to exist at the time of Louis' accidental death, and that Louis had recognized this obligation by regular contributions to defendant in error's support. That for some temporary lack of money Louis had ceased making these contributions for the time being did not alter the fact that defendant in error still depended upon Louis for his sustenance. Exclusion of the questioned testimony will not help plaintiff in error, as there is a lack of proof that the temporary failure of Louis to contribute was due to any refusal or inability on his part to continue supporting his dependent father. Dependency, once recognized and firmly established by regular contributions for support over a reasonable course of time, is not abruptly terminated by the temporary failure of the contributor to meet his obligations of support as they become due, in the absence of proof that the relationship has definitely ceased to exist

by the action of one or both of the parties. The findings of the Industrial Commission will not be set aside unless manifestly against the weight of the evidence, (*Peabody Coal Co.* v. *Industrial Com.* 311 Ill. 338,) and the evidence in this case does not warrant any disturbance of the commission's order.

The judgment is affirmed.     *Judgment affirmed.*