SUPERIOR BUILDERS, INC. ET AL. *v.* BROWN ET AL.

[No. 54, October Term, 1955.]

540

*Decided January 6, 1956.*

The cause was argued before BRUNE, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*Philip T. McCusker, Special Attorney for the State Accident Fund,* with whom were *C. Ferdinand Sybert, Attorney General,* and *U. Theodore Hayes, Special Attorney,* on the brief, for the appellants.

*Paul Berman* and *Harry S. Swartzwelder, Jr.,* with whom were *Theodore B. Berman* and *Sigmund Levin* on the brief, for the appellees.

DELAPLAINE, J., delivered the opinion of the Court.

On October 3, 1952, Carlin C. Matthews, of Baltimore, who was employed as a painter by Superior Builders, Inc., was injured by a fall from a ladder in the course of his employment and died on the same day as a result of his injuries. Claims for compensation were filed with the State Industrial Accident Commission by his sister, Missouri Brown, and her three infant children, and by his half-sister, Fairy Snow.

At the hearing before the Commission, Mrs. Brown, a resident of Speedwell, Wythe County, Virginia, testified that her husband had deserted her about eight years previously, and that she wrote to Carlin C. Matthews, her brother, telling him that she was unable to support her children and that she would have to place them in a home. She testified that her brother, wanting to help her to keep her children, offered to send money to her every week to provide for their support. She further testified that, in accordance with his promise, he sent to her during the entire period of eight years until the time of his death an average of about $25 a week, and that in addition he brought them clothing from time to time.

Mrs. Brown was corroborated by Mrs. Margaret C. Woody, of Baltimore, former wife of Carlin C. Matthews. Mrs. Woody testified that when she lived with Matthews his salary averaged more than $80 a week, and that she mailed various amounts of money to Mrs. Brown. Mrs. Woody testified that the smallest amount which she ever sent for her husband was $18, but sometimes she sent as much as $35. She estimated that the average amount per week which her husband gave for the support of Mrs. Brown's children was $25.

The Commission found that Mrs. Brown and Mrs. Snow were partially dependent upon the deceased employee, and that the three children were wholly dependent upon him. The Commission thereupon passed an order requiring Superior Builders, Inc., employer, and the State Accident Fund, insurer, to pay compensation to Mrs. Brown not to exceed $1,500, to Mrs. Snow not to exceed $500, and to the children not to exceed $5,000.

The employer and the insurer and the claimants all appealed from the order of the Commission to the Court of Common Pleas of Baltimore City. The case was tried in that Court before a jury on the record received from the Commission.

On the first issue, whether Mrs. Brown was partially dependent for support upon the deceased employee at the time of his death, the jury answered "No."

On the second issue, whether Mrs. Snow was partially dependent upon him for support, the jury answered "No."

On the third issue, whether the three children were wholly dependent upon him for support, the jury answered "Yes."

The employer and the insurer filed a motion for a judgment *n. o. v.* or for a new trial, and the trial judge overruled that motion. Judgment was then entered reversing the order of the Commission as to Mrs. Brown and Mrs. Snow and affirming the order as to the children.

Appeal was then taken by the employer and the insurer from the judgment affirming the order as to the children. They contend that the evidence is conclusive that the

children were only partially dependent upon the deceased employee.

By express provision of the Maryland Workmen's Compensation Act, questions of dependency, in whole or in part, are determined by the State Industrial Accident Commission in accordance with the facts in each particular case existent at the time of the injury resulting in death of the employee. Code 1951, Art. 101, sec. 35(8)(d).

It is a truism that a "total dependent" is one who has no means of his own to support himself. Generally speaking, total dependency, within the meaning of the Workmen's Compensation Act, exists where a claimant subsists entirely upon the earnings of a deceased employee. However, in construing the Act, the courts do not demand that a claimant must show destitution to obtain an award as a total dependent. The Act should receive a practical construction, and should be so interpreted and construed as to effectuate its general purpose. Code 1951, Art. 101, sec. 64.

We accordingly hold in this State that compensation should not be denied a claimant as a total dependent merely because of occasional financial aid received by him from other sources or other benefits which do not substantially affect or modify his status toward the deceased employee. *Larkin v. Smith,* 183 Md. 274, 280, 37 A. 2d 340; *Washington Suburban Sanitary Commission v. O'Donnell,* 208 Md. 370, 118 A. 2d 674.

Thus, in *Harvey v. George J. Roche & Son,* 148 Md. 363, 129 A. 359, where the widow of a deceased employee, who had been living apart from her, testified that he had contributed $50 a month toward her support, this Court held that, although she received $10 a week from a boarder, the evidence was legally sufficient to support the jury's finding of total dependency.

In *Larkin v. Smith,* 183 Md. 274, 37 A. 2d 340, the claimant, who was the mother of the deceased employee, had been receiving about $18 a week from him for her support. This Court held that although she partially

owned the house in which she lived, and although she received some income from the sale of eggs, the trial judge properly refused an instruction that if the mother received any support from any source other than the deceased she was only partially dependent.

In *Bethlehem-Fairfield Shipyard v. Rosenthal,* 185 Md. 416, 422, 45 A. 2d 79, the claimant, who was the wife of the deceased employee, admitted that she had a position which paid her about $30 a week, but she explained that she accepted the position because she wanted to occupy her mind while her son was in the Navy, and she intended to resign the position when her son returned home. We held in that case that, since she had been supported by her husband during her entire married life, the testimony could be interpreted as indicating that her work was only temporary and that her intention was to depend solely upon her husband's income, and therefore it warranted the jury's verdict that she was wholly dependent.

In the case before us Mrs. Brown testified that she was employed in a shirt factory in Galax, Carroll County, Virginia, and that she was paid a salary of $25 a week when she worked full time. The employer and the insurer rested their case entirely upon her statement that it took all of her salary and all of the money she received from her brother "to keep the household going." Their argument was that it could be assumed that some of her salary went toward the support of her children. However, she testified that it cost her $10 for her room and $15 for her board, and that her brother continuously sent her approximately $25 a week during the period of eight years for the support of the children. It clearly appears from the evidence that the three small children had no income of their own, and that if it had not been for the money sent by their uncle every week for their support, they would doubtless have become objects of public charity.

In workmen's compensation cases, the courts apply the general rule that where there is any evidence from

which a rational conclusion may be drawn, as opposed to the theory of the prayer for a directed verdict, the weight and value of such evidence should be left for the consideration of the jury, and before such a prayer can be granted, the court must assume the truth of all the evidence tending to sustain the claim and all inferences of fact fairly deducible from it. *Martin G. Imbach, Inc., v. Tate,* 203 Md. 348, 100 A. 2d 808; *Havre de Grace Fireworks Co. v. Howe,* 206 Md. 158, 110 A. 2d 666.

Considering the size of Mrs. Brown's salary, and other evidence in the case, we do not think it can be ruled as a matter of law that the children were not totally dependent upon their uncle. For these reasons we hold that the trial judge acted correctly in overruling the motion of the employer and the insurer for judgment *n. o. v.* The judgment affirming the Commission's award for the children as total dependents will therefore be affirmed.

*Judgment affirmed, with costs.*