OUTTEN BROS., INC., ET AL. *v.* DUNN, WIDOW, ETC.

[No. 78, September Term, 1963.]

*Decided November 8, 1963.*

The cause was argued before HENDERSON, HAMMOND, HORNEY, MARBURY and SYBERT, JJ.

*William W. Travers* and *Walter C. Anderson,* with whom were *Webb & Travers* on the brief, for appellants.

- *Patrick L. Rogan, Jr.,* with whom was *Vaughn E. Richardson* on the brief, for appellees.

MARBURY, J., delivered the opinion of the Court.

. Outten Brothers, Inc. of Salisbury '(employer)' and Selected Risks Insurance Company (insurer) appealed from a judgment entered by the Circuit Court for Wicomico County modifying a decision of the Workmen's Compensation Commission that Audrey Mae Larmore Dunn (claimant), widow of Robert Turpin Dunn (husband or deceased), was partially but not totally dependent upon the deceased at the time of his injury within the meaning of Code (.1957), Article 101, § 36 (8).

- The Commission heard the case and awarded the claimant $5000. She appealed to the Circuit Court where the case was

heard before a jury. At the close of all of the evidence, the court denied the instructions submitted on behalf of the employer and insurer for a directed verdict in their favor on the sole issue of whether the claimant was partially or totally dependent upon the deceased for support. The jury found she was totally dependent, and the appellants' motion for judgment n.o.v. was overruled. Besides contending here that these rulings were erroneous, appellants also insist the trial judge was in error in refusing to admit evidence of the income of the decedent and claimant prior to 1960.

On the date of the injury and death, March 9, 1962, the deceased was working as a collector-salesman for Outten Brothers, at an average weekly wage of $76.96. Claimant was engaged in the custom tailoring business, as she had been for eighteen years. Prior to October 1961 she had her shop in R. E. Powell's department store. In 1960 she earned $2155.55 and in 1961 $1200. In October 1961 Mrs. Dunn developed trouble in her left arm, ultimately found to be a blood clot and tumor, necessitating surgery the following June. When her physical disability arose in October, Mrs. Dunn left Powell's, after which she conducted her tailoring business in her home on a limited basis, employing two helpers. She was assisted by her husband, who in hours outside of his employment helped her by delivering orders for her and driving her about to get supplies.

Appellants quote in their brief our definition of total dependency found in *Larkin v. Smith,* 183 Md. 274, 280, 37 A. 2d 340, itself a quotation from an Indiana case, as follows:

> " 'Total dependency exists where the dependent subsists entirely on the earnings of the workman; but in applying this rule courts have not deprived claimants of the rights of total dependents, when otherwise entitled thereto, on account of temporary gratuitous services rendered them by others, or on account of occasional financial assistance received from other sources, or on account of other minor considerations or benefits which do not substantially modify or change the general rule as above stated.' "

They argue, however, that inconsistencies and contradictions in the claimant's testimony are such that it lacks the probative force necessary to support her claim. Questions of dependency are determined under facts existing at the time of the injury which proved fatal, Code (1957), Article 101, § 36 (8) (d). The record shows that many of the discrepancies concern earnings of both the claimant and her husband in 1961 and 1960, and lapses of memory could have been expected and were properly left for the jury's consideration. Besides, there was also direct testimony that the claimant was supported by her husband. In answer to a question concerning the disposition of money the deceased earned, claimant answered: "He bought groceries and took care of the expenses; doctors' bills and whatever." In any event her testimony, coming from the only witness who testified at the trial, was not so inconclusive and contradictory as to require us to hold as a matter of law that it should not have been considered by the triers of the facts, whose function it was to pass upon the credibility and weight of the witness's testimony.

Appellants further contend that even if the discrepancies are disregarded, nevertheless the evidence showed the deceased as a helpmate and not the producing head of the household at the time of the injury. We do not think the evidence adduced compels this finding. On the contrary, the evidence showed that during January, February and March 1962, Mrs. Dunn, who had been suffering from physical infirmaties since the prior October, earned from her tailoring business a total of $161.45, averaging $12.42 for each of the thirteen weeks included in this three months period. Even these small earnings were substantially contributed to by her husband, who chauffeured her and made deliveries during his hours off from his regular employment by Outten Brothers. Her disbursements were to a dentist, to her aging father, and for housecleaning services. We do not consider that as a matter of law this amounted to a "consequential source" or "means of maintenance" the presence of which we have recognized would preclude a finding of total dependency. *Mullan Construction Co. v. Day,* 218 Md. 581, 147 A. 2d 756; *Mario Anello v. Dunn,* 217 Md. 177, 141 A. 2d 731;

*Larkin v. Smith, supra.* The evidence produced and the inferences fairly deducible from it were legally sufficient to support a rational conclusion of total dependency and the issue was properly submitted to the jury for determination.

Nor do we think the lower court was in error in refusing to admit evidence of the income of the decedent and claimant in the form of the 1959 Maryland income tax return. The court below felt that some period should be fixed limiting the testimony relating to the earnings of the deceased and the relationship of the claimant to them. Appellants were successful in having admitted in evidence the tax returns for 1962, 1961, and 1960. They agree that the rights of the claimant are determined as of the date of the injury, but rely on *Mullan Construction Co. v. Day, supra,* for the proposition that what had happened before is relevant to show the status of the parties at the time of the injury. This is true, see also *Beth. Fair. Shipyard v. Rosenthal,* 185 Md. 416, 45 A. 2d 79, but it is subject to the usual rule of evidence concerning remoteness. We have recognized that such a matter is within the discretion of the trial court, *Md. Elec. Ry. Co. v. Beasley,* 117 Md. 270, 277, 83 Atl. 157. The determination of dependency under the statute is focused upon the date of the injury, and the jury had before it evidence of the earnings of the claimant and the deceased for the year 1960, as well as 1961 and 1962 through the month of March, when the deceased died. We hold that there was no abuse of discretion by the trial court in not admitting evidence of the earnings of the deceased and the claimant prior to the year 1960.

*Judgment affirmed, with costs to appellee.*