## JOHNSON, ET AL. *v.* COLE AND NEW AMSTERDAM CASUALTY COMPANY

[No. 63, September Term, 1966.]

*Decided February 15, 1967.*

The cause was argued before HAMMOND, C. J., and MAR-
BURY, OPPENHEIMER, BARNES and McWILLIAMS, JJ., and
MURPHY, J., Chief Judge of the Court of Special Appeals, spe-
cially assigned.

*Bernard Brager* for appellants.

*Benjamin A. Earnshaw,* with whom were *Carmody, Earn-
shaw & Hardwick* on the brief, for appellees.

MURPHY, J., by special assignment, delivered the opinion of
the Court.

This appeal is from a judgment of the Circuit Court of Queen
Anne's County, entered on the verdict of a jury, affirming the
decision of the Workmen's Compensation Commission that the
infant appellants were partially but not totally dependent for
support upon their father at the time of the injury resulting in
his death, within the meaning of Section 36(8) of Article 101
of the Annotated Code of Maryland (1964 Replacement Vol.).
Appellants urge that the trial court was in error (a) in failing
to grant their motion for a directed verdict on the issue of total
dependency, (b) in refusing to grant a requested instruction,
and (c) in not allowing into evidence a record of the number
and names of the dependents claimed by the deceased workman
for income tax purposes.

The evidence adduced at the trial showed that Early Lincoln
Johnson, father of the three infant appellants, was injured in
the course of his employment on November 7, 1964 and died as
a result thereof on November 14, 1964. For approximately four
years prior to his death, Johnson had been separated from his
wife, Lillie Mae Johnson, but pursuant to a court order paid
$20.00 weekly for the support of his three children—the infant
appellants—who at the time of his death ranged in age from
five to eight years. Johnson made these payments regularly and
consistently for the three year period immediately preceding his

death, and it was stipulated that his gross wage during that time was $60.00 weekly. Mrs. Johnson lived with the infant appellants (the Johnson children) and was also the mother of three other infant children, whose father was James Robinson (the Robinson children) and these children also resided with Mrs. Johnson in the same household.[1] Robinson was under court order to pay $15.00 weekly to Mrs. Johnson for the support of the Robinson children. Mrs. Johnson was employed, mostly during the summer months, earning $741.86 in 1962, $480.00 in 1963, and $572.52 in 1964. When unemployed during those years, she received financial assistance from the County Welfare Department which amounted to $329.42 in 1962, $587.92 in 1963 and $441.88 in 1964. These payments ranged from a monthly low of $25.25, paid in July, 1964, to a monthly high of $120.49 paid in the month of December, 1962 when Robinson, who was then in jail, had failed to make any support payments and, additionally, there was illness in the family causing extra medical expense.

Mrs. Johnson testified that Robinson was not regular in his support payments for the Robinson children; that he paid only $10.00 weekly, once or twice a month; and that she used the Robinson payments solely for the support of the Robinson children. She further testified that in applying for welfare benefits she advised the County that she didn't have sufficient money to support her family; that the County Welfare Department knew she had six children; that she told the Department that she needed money for the children, but "I never named them off;" that she never told the Department that she didn't need assistance for the Johnson children, and "imagined" that the welfare money was for all her children and herself; but that she needed the welfare assistance money "mostly" for the Robinson children because Robinson didn't pay every week. Mrs. Johnson testified that she was never told by the County what to do with the welfare payments, but that she used such payments solely for the support of herself and the Robinson children. She further testified that she kept the money received from Johnson in an account separate from all of her other funds and used

---

1. Mrs. Johnson and Robinson had never lived together and were not married.

it solely for the support of the Johnson children. When asked how she kept it separate, she responded:

> "It wasn't the idea for to keep it separate. It could be in the house but didn't have to be separate and didn't all have to be together."

Mrs. Johnson testified that she always had money from one source or another to buy food and clothing, but emphasized that she used the payments from Johnson solely for the support of the Johnson children.

Mrs. Grace Reynolds, Worker In Charge, Queen Anne's County Welfare Department, testified that in providing welfare assistance the County considered the total family needs of Mrs. Johnson and her six children for food, clothing and shelter; that it considered total needs and total income and didn't break down the need of any individual. She further testified that the $20.00 weekly payments made by Johnson would have been sufficient, by welfare standards, for the needs of the Johnson children, except for medical care.

As we noted in *Mullan Construction Co. v. Day,* 218 Md. 581 (1959) a "dependent" within the meaning of the statute is one who relies in whole or in part upon the workman for the reasonable necessities of life at the time of the accident. Generally, one who subsists entirely upon the earnings of a deceased employee is a total dependent but a legal or moral obligation to support a person does not create dependency in the absence of actual support. *Mario Anello and Sons, Inc. v. Dunn,* 217 Md. 177 (1958). A claimant need not, however, show destitution in order to obtain an award as a total dependent. He may receive temporary gratuitous services, occasional financial assistance or other minor benefits from sources other than a deceased workman, but he must not have had a consequential source or means of maintenance in addition to what is received out of the earnings of the deceased. *Larkin v. Smith,* 183 Md. 274 (1944). In other words, compensation should not be denied a claimant as a total dependent merely because of occasional financial aid received by him from other sources or other benefits which do not substantially affect or modify his status to-

ward the deceased employee. *Superior Builders, Inc. v. Brown,* 208 Md. 539 (1956).

We think it evident from the record before us that the trial judge properly declined to rule as a matter of law that the infant appellants were totally dependent upon their father for support at the time of the injury resulting in his death. The rule is a familiar one, applicable in workmen's compensation cases, that where there is any evidence from which a rational conclusion may be drawn, as opposed to the theory of the prayer for a directed verdict, the weight and value of such evidence should be left for the consideration of the jury; and that before such a prayer can be granted, the court must assume the truth of all the evidence tending to sustain a claim or defense, as the case may be, and all inferences of fact fairly deducible from it. *Knibb v. Jackson,* 210 Md. 292 (1956) ; *Havre de Grace Fireworks Co. v. Howe,* 206 Md. 158 (1955).

There was testimony in this case from which the jury could have rationally concluded that, in light of the financial condition of the family, the infant appellants had a consequential source or means of maintenance in addition to that received from their father. The evidence showed that Mrs. Johnson applied for welfare assistance, and that the County regularly provided it, upon the basis of the total needs of Mrs. Johnson and her six children for food, clothing and shelter. The jury could have readily found from her testimony that she needed welfare assistance to support the Johnson children and, inferentially, when she was employed and not receiving welfare assistance that she similarly would use a part of her employment income for the support of the Johnson children. The jury could have also inferred from the evidence that all of the funds coming into Mrs. Johnson's hands from the welfare department, her own employment income, and from Johnson and Robinson, were pooled and used for the common support and maintenance of all the members of the family. Whether earnings are in fact pooled necessarily depends upon the circumstances, and the inferences deducible therefrom, in each case. See *Mullan Construction Co. v. Day, supra; Mario Anello and Sons, Inc. v. Dunn, supra,* and *Knibb v. Jackson, supra.* While Mrs Johnson testified that she kept a separate account of the Johnson

support money and used those funds and no other for the support of the Johnson children, the jury was not obliged to believe her testimony, which was self-contradictory in part, vague and unresponsive as to how, and by what means she maintained separate account of such money. Under these circumstances the character of Mrs. Johnson's testimony may have been such that the jury could well have questioned its reliability and afforded it no weight. See *Burleigh v. Miller,* 209 Md. 57 (1956) ; *Pennsylvania Railroad Co. v. Stallings,* 165 Md. 615 (1934).

Appellants rely on *Superior Builders, Inc. v. Brown, supra.* In that case, the claims for compensation were filed on behalf of three infant children of a sister of the deceased workman. The evidence showed that the mother (whose husband had deserted her) earned $25.00 weekly, and that her brother had regularly sent $25.00 weekly for the support of the three children over an eight year period. The decision of the Workmen's Compensation Commission in awarding compensation for partial depedency was reversed by a jury in the Court of Common Pleas of Baltimore City, which awarded compensation for total dependency. There was evidence showing that the mother spent all the money she earned on her own support for room and board, while the entire amount received from the deceased workman for the infant children was used exclusively for them. There was also evidence from which the jury could have found that the mother pooled the money which she earned with that received from her brother, and used it for the support of her children. We there found, in light of such evidence, that it could not be ruled as a matter of law that the children were not totally dependent upon the deceased workman for support, and hence we ruled that it was properly a jury question and that the trial judge was correct in overruling the motion of the employer and insurer for judgment n.o.v. Under the evidence in this case, as in *Superior Builders,* we do not view the issue of total dependency as an unmixed question of law for the court, and it properly was submitted to the jury for their determination.

Appellants next contend that the trial court erred in refusing to instruct the jury, as requested by them :

> "If they shall find from the evidence that the money
> received from the Welfare Department was only used

exclusively for the Robinson children and/or Lillie Mae Johnson during the period of November 7, 1961 through November 7, 1964, the answer of the Jury to the second issue [whether the infant appellants were totally dependent upon Johnson] shall be 'yes'."

The court stated its reasons for refusing so to instruct, as follows:

"The reason for the Court's refusal to grant that is because there isn't any evidence in the case that the money from the welfare department was used exclusively for the Robinson children or for Lillie Mae Johnson."

Appellants excepted to the court's refusal to grant the instruction "because the evidence was sufficient to show that there was no money received from the welfare department for the Johnson children."

As heretofore indicated, the testimony showed that the welfare assistance money was applied for and provided on the basis of the total need of Mrs. Johnson and her six children for food, clothing and shelter. Additionally, the requested instruction failed to consider or otherwise take into account, as bearing on the issue of total dependency, the employment income earned by Mrs. Johnson, the total of which was an amount greater than the total assistance paid by the Welfare Department. We, therefore, see no error in the court's refusal to grant the instruction in question and furthermore, a review of the instructions actually given to the jury indicate to us that the court's charge to the jury was entirely adequate to present the law controlling the case.

Finally, appellants contend that the trial court committed prejudicial error in not allowing into evidence a record of the number and names of the dependents claimed by the deceased workman for income tax purposes. On direct examination, appellants asked appellee Cole, the deceased workman's employer: "* * * during the year 1962, how many dependents were declared by Mr. Johnson." An objection to this question was sustained, after which appellants ascertained by further questioning of Cole that Johnson "signed a piece of paper telling us

each year how many dependents he had * * *." Cole testified that he didn't have this document with him in court. After receiving an affirmative answer to appellants' question: "You do have some paper in your file to indicate the amount of dependents that he took, don't you," an objection was sustained to the question of "how many did he take out", on the ground that such testimony was inadmissible in view of the best evidence rule.

While appellants made no proffer of proof, we presume they intended to show that Mr. Johnson claimed the infant appellants as dependents for income tax purposes. In our opinion, the number of dependents claimed by Mr. Johnson on the business records of his employer was neither relevant nor material to the issues presented by this case. The question of dependency, under the workmen's compensation law, turns on the presence of actual support and essentially whether, as here, the infant appellants have in fact subsisted entirely upon the earnings of the deceased workman. Even if the evidence sought to be introduced was admissible under any theory of law, we do not believe its exclusion could possibly have been prejudicial to appellants since there was no dispute as to the amount of Mr. Johnson's weekly wage and contribution for the support of the infant appellants; and, further, such evidence would not have revealed the names of Johnson's dependents, but only the number claimed by him. We, therefore, perceive no error in the exclusion of this evidence.

*Judgment affirmed; appellants to pay costs.*