## THE BITUMINOUS CONSTRUCTION COMPANY, ET AL. *v.* LEWIS

[No. 147, September Term, 1968.]

*Decided April 1, 1969.*

The cause was argued before HAMMOND, C. J., and MAR-BURY, BARNES, SINGLEY and SMITH, JJ.

*Alfred M. Porth*, with whom was *Theodore B. Cornblatt* on the brief, for appellants.

*Morton J. Owrutsky*, with whom were *Perdue, Owrutsky & Whitehead* and *Ronald G. Rayne* on the brief, for appellee.

MARBURY, J., delivered the opinion of the Court.

On November 1, 1966, Levin George Jones sustained an accidental injury in the course of his employment, and he died the same day. A claim was filed with the Workmen's Compensation Commission on behalf of his widow, Gladys H. Jones, and his grandson, Lloyd Richard Lewis (Dicky), the appellee, against the employer, The Bituminous Construction Company and its workmen's compensation insurer, Maryland Casualty Company. The Commission passed an order finding that the widow was partially dependent upon the deceased but disallowing the claim for dependency as to the grandson. Lloyd Richard Lewis seasonably appealed this adverse decision to the Circuit Court for Wicomico County where the case was tried before a jury. After the trial court denied the employer and insurer's motion for a directed verdict the jury found that the claimant was wholly dependent upon the deceased. The trial court also denied a motion for judgment n.o.v. or in the alternative for a new trial. The employer and the insurer noted a timely appeal to this Court.

At the time the deceased sustained his fatal injury he was living with his wife and his grandson, Dicky. The boy is mentally retarded and at the time of the trial he was nineteen years old. Until August 1965 he lived with his father who placed him in the Eastern Shore State Hospital. On February 24, 1966, the hospital released him into the deceased's custody. Mrs. Jones testified that she did not know that her husband was going to bring the boy to live with them. She further testified that her husband was earning approximately $80.00 per week at the time of the accident. Mr. Jones' employment was seasonal in nature and from about November to April he collected unemployment compensation in the amount of $48.00 per week. Mrs. Jones had been working in a shirt factory for over forty years and

after payroll deductions she took home approximately $39.00 per week.

After Lloyd came to live with his grandparents, the deceased purchased his clothes, made arrangements and paid for his care while Levin and his wife were at work, provided his transportation, lunches and spending money. Mrs. Jones testified that she paid all the mortgage payments, which amounted to $35.00 per month on the house that she and her husband owned, as well as the utilities and insurance costs. These expenses did not change when the grandson came to live with the Joneses. In addition to making these payments, Mrs. Jones cleaned the house, did the laundry, repaired the clothing and prepared the meals.

On appeal, the only issue is whether the trial court was correct in refusing to rule as a matter of law that the claimant, Lloyd Richard Lewis, was not a total dependent under the Workmen's Compensation Law. This Court set forth the governing principles as to total dependency in *Larkin v. Smith,* 183 Md. 274, 280, 37 A. 2d 340, 343:

> "Total dependency exists where the dependent subsists entirely on the earnings of the workman; but in applying this rule courts have not deprived claimants of the rights of total dependents, when otherwise entitled thereto, on account of temporary gratuitous services rendered them by others, or on account of occasional financial assistance received from other sources, or on account of other minor considerations or benefits which do not substantially modify or change the general rule as above stated."

Succinctly stated, the alleged dependent "must not have had a consequential source or means of maintenance in addition to what is received out of the earnings of the deceased." *Johnson v. Cole,* 245 Md. 515, 520, 226 A. 2d 268, 271. See *Outten Bros. v. Dunn,* 232 Md. 590, 194 A. 2d 814.

Appellants argue that the claimant, at least partially, relied upon the earnings of the deceased's wife for food and shelter and that as a matter of law he was not a total dependent under the Workmen's Compensation Law. Although Mrs. Jones' testimony as to who bought the boy's food was not as lucid as it

might have been, the jury could have found that the deceased provided its complete cost. Part of Mrs. Jones' testimony was as follows:

"Q. Now who provided the groceries for Dicky? A. Levin did.

Q. Explain why you say that. A. Because I didn't have to pay any more money after Dicky went to our house than I already had because I couldn't spend any more. I had spent all I had. Levin paid more that it cost.

\* \* \*

Q. After Dicky came to live with you, explain what was the method of purchasing groceries? Who put up that money? A. Levin did the extra money."

As far as the furnishing of shelter is concerned this Court has indicated that total dependency could be found even though the housing of the claimant was not supplied by the deceased. In *Larkin v. Smith, supra,* although the claimant lived in a house owned by herself and her uncle and had some income from the sale of eggs, the jury was entitled to consider whether she was totally dependent upon the deceased, her son, who had contributed about $18.00 a week to her support. A more analogous case is *Wash. Sub. San. Com. v. O'Donnell,* 208 Md. 370, 118 A. 2d 674, where this Court affirmed a finding that a son was totally dependent upon his father even though his mother had a partial interest in the family's house. See *Knibb v. Jackson,* 210 Md. 292, 123 A. 2d 338.

In workmen's compensation cases where there is any evidence that would rationally support a conclusion of total dependency as opposed to the theory of a prayer for a directed verdict, this Court has held that the issue should be submitted to the jury. *Mario Anello v. Dunn,* 217 Md. 177, 141 A. 2d 731; *Superior Builders, Inc. v. Brown,* 208 Md. 539, 119 A. 2d 376. In the present case there was testimony that the deceased supplied the additional money needed for the claimant, including the increased cost of food. Mrs. Jones used part of her earnings to maintain the house and the incidentals thereto just as she had done prior to the boy's coming to live with her and her hus-

band. Under these circumstances the jury could have found that Mrs. Jones' contributions were not a "consequential source or means of maintenance in addition to what is received out of the earnings of the deceased." *Johnson v. Cole, supra.* The trial court properly refused to rule as a matter of law that the claimant was not a total dependent of the deceased.

*Judgment affirmed, with costs.*