## SIMMONS *v.* B & E LANDSCAPING CO., ET AL.

[No. 94, September Term, 1969.]

*Decided December 5, 1969.*

The cause was argued before HAMMOND, C. J., and BARNES, FINAN, SINGLEY and SMITH, JJ.

*Alvin Solomon* for appellant.

*A. Paul Kaye* for appellees.

SMITH, J., delivered the opinion of the Court.

This case involves the question as to whether infant children of a deceased employee were wholly dependent upon him at the time of his death within the meaning of the Workmen's Compensation Act, Code (1964 Repl.

Vol.) Art. 101, § 36 (8) (c) and (d). The Workmen's Compensation Commission held them to be "wholly dependent". Judge Bowen, sitting in the Circuit Court for Prince George's County without a jury, reversed the action of the Commission. We shall sustain the action of Judge Bowen.

Louis Simmons, an employee of appellee B & E Landscaping Co., sustained an accidental personal injury arising out of and in the course of his employment on July 9, 1968. He died as a result of this injury on July 26, 1968.

Mr. Simmons had not resided in the same household with his wife and family since March of 1967. There was testimony that at some time prior to his death Simmons served a period of time in the Maryland House of Correction for nonsupport. The five minor children all resided with the wife, the appellant in this case. At the time of death the oldest of the children lacked a few months of being 17 years of age and the youngest lacked a few days of being 10 years of age.

Mrs. Simmons had been employed by the Department of the Army for nearly five years prior to the death of her husband. At that time her net salary was $168.00 every two weeks.

Mrs. Simmons testified that the expense of running her household was approximately $20.00 per week for rent, $30.00 per week for food, $15.00 per month for clothing for the children, $13.00 per month for gas and electric, and $32.50 per month for oil for heating. She stated that she carried Blue Cross and Blue Shield on herself and the children, paying $4.10 every two weeks by payroll deduction. She further testified that the contribution of Simmons was $30.00 per week paid in cash plus the purchase from time to time of meat and vegetables for the family. She thought this took place about every three weeks and estimated the value at $5.00. The husband gave the children spending money, estimated by Mrs. Simmons to be a "couple of dollars * * * to one and the younger ones about a dollar" every two weeks.

The trial judge said:

"I don't think that the language of the statute nor the holdings of the Court need to be tortured out of its ordinary every day meaning in these cases. A father who is taking care of his children and providing for their necessities has wholly dependent children notwithstanding the fact that one of them may get a summertime job and make as much as $900 or that his wife may from year to year or time to time go to work and make additional money and contribute it to the total family program. A situation where a family has five children and the husband is contributing $20 or $30 a week to their support and the wife is providing everything else and has done so consistently for years where the parties are not living together * * * is an entirely different situation. We don't believe that under the facts of this case the mother's contribution to this family can be deemed either occasional or inconsequential. She was in fact the bulk of the support these children, was and is the bulk of the support of her children.

"Apparently the only fixed and unchanging dependency upon which they could rely.

"Now I have read the Commission's findings and comments and it is apparent to me that Judge or Commissioner Paper did in this case fall into error. He manifestly, by his comments, couldn't resist the tug of his heart on his head and while the Court feels that same tug toward this woman, who deserves every ounce of help that she can get with these children and who in the Court's opinion is to be commended for her industry and integrity, it is not the Court's, within the Court's province to give away someone else's money and plain facts in this case we do not believe we can surmount a contribution

of $30 a week sometimes irregular, sometimes sporadically as opposed to a steady and continuous contribution of the remainder of everything it takes to make that household go, can not, we think, be described as anything except partial dependency. We think these children were partially dependent upon their father because he did in fact contribute to them and because they needed more than their mother was making. He had a legal obligation to support them, he was in fact supporting them, but his was the smaller contribution to their support and the mother's contribution was the larger. That the legislature, under these facts should see fit to penalize this woman is one of those inexplicable things that the legislature does—is one of those completely unexplainable to persons of common sense or who has any sense of the decency and responsibility that go with legitimacy and the marriage and attempt to make a responsible family life. If it is true that they did this in an attempt to help illegitimate children I think it is far better that the illegitimate suffer the penalty of illegitimacy and the legitimate children reap the reward of honesty and legitimacy. But unfortunately or perhaps fortunately as you review the matter the Court just interprets the law, we don't make it.

"Under the circumstances, gentlemen, the Court has no alternative except to direct the finding of the Commission be modified to find that these children were partially, not wholly, dependent upon their deceased parent."

Mrs. Simmons presents two questions on appeal, (1) "Were the infant children of the deceased employee wholly or only partially dependent upon him at the time of his death?", and (2) "Did the Circuit Court misconstrue the law and facts applicable to the case by modi-

fying the decision of the Workmen's Compensation Commission; and did the employer and insurer meet the burden of proof imposed upon them?"

This case was heard without a jury. Accordingly, under Maryland Rule 886 a this Court will review the case upon both the law and the evidence, but the judgment of the lower court will not be set aside on the evidence unless clearly erroneous. If there is substantial evidence to support the trial court's factual conclusions, those findings must be reviewed in the light most favorable to the prevailing party below. *Operations Research v. Davidson,* 241 Md. 550, 556, 217 A. 2d 375 (1966); *Space Aero v. Darling,* 238 Md. 93, 106, 208 A. 2d 74, *cert. den.,* 382 U. S. 843 (1965), and cases therein cited. The conclusions of law based upon the facts, however, are reviewable by this Court. *Space Aero, supra,* and cases there cited.

Mrs. Simmons relies upon the Maryland cases of *Bituminous Constr. Co. v. Lewis,* 253 Md. 1, 251 A. 2d 888 (1969); *Superior Builders, Inc. v. Brown,* 208 Md. 539, 119 A. 2d 376 (1956); *Wash. Sub. San. Com. v. O'Donnell,* 208 Md. 370, 118 A. 2d 674 (1955); *Larkin v. Smith,* 183 Md. 274, 37 A. 2d 340 (1944) and *Harvey v. Roche & Son,* 148 Md. 363, 129 A. 359 (1925). In all of the cases so relied upon, however, other than *Wash. Sub. San. Com. v. O'Donnell, supra,* the trial had been before a jury. In *Wash. Sub. San. Com.* the trial court had made a finding of dependency and the employer was contesting that finding. This Court on appeal in the other cases was concerned with instructions to the jury or the sufficiency of evidence to go to the jury.

In *Bituminous Constr. Co. v. Lewis, supra,* Judge Marbury for the Court said:

> "Succinctly stated, the alleged dependent 'must not have had a consequential source or means of maintenance in addition to what is received out of the earnings of the deceased.' *Johnson v. Cole,* 245 Md. 515, 520, 226 A. 2d 268, 271. See

*Outten Bros. v. Dunn,* 232 Md. 590, 194 A. 2d 814." *Id.* at 3.

The Workmen's Compensation Commission had ruled favorably to the contentions of Mrs. Simmons. It is true, as she here contends, that Code (1964 Repl. Vol.) Art. 101, § 56 (c) provides that the decision of the Commission is prima facie correct and the burden of proof is upon the party attacking it. However, as Judge McWilliams said for the Court in *Blake Const. v. Wells,* 245 Md. 282, 225 A. 2d 857 (1967) :

> "This means nothing more than that, if the mind of the trier of facts is in equal balance on the evidence in the record, the finding of the Commission should be affirmed. *Greenwalt v. Brauns Bldg. Specialties Corp.,* 203 Md. 313, 318, 100 A. 2d 804 (1953) ." *Id.* at 286-87.

Mrs. Simmons was the sole witness on the issue of dependency, being called first as an adverse witness by the employer and then being called on her own behalf.

On this record we certainly cannot say the trial judge was clearly erroneous in his determination of the facts nor can we say that he has misapplied the law. These children had a consequential source or means of maintenance in addition to what was received out of the earnings of the deceased. The burden of proof was met by the employer.

*Judgment affirmed; appellant to pay the costs.*